The only point agitated in this Court, is fully in the opinion delivered for the Court, by '
Tilghman C. J.
Both plaintiff and defendants, claimed under an application entered, 3d March, 1767, in the name of Barbara Zantzinger. This application was put into the land office, by Charles MiCormick, under whom the plaintiff claimed; and it was put in, as the plaintiff contended, for MlCormicPs own use. On the other hand, it was contended on the part of the defendants, who claimed under Barbara Zantzinger, that the application was for her use. The defendants offered, in evidence, the deposition of Paul Zantzinger, who swore, that the tract of land in dispute, was located by Charles McCormick, in the name of Barbara Zantzinger, in the land office, and that the same was intended for the use of the said Barbara Zantzinger, only. The counsel for the plaintiff, objected to the words, “ and that the same was intended for the use of the said Barbara Zantzinger, only,” and prayed the Court, to strike them out of the deposition. But the Court was of opinion, that these words should not be struck out, and to this opinion, the counsel for the plaintiff, excepted. In support of this exception, it has been argued, that the intention of Charles M'-Cormick, being confined to his own breast, was not a fact to which the witness could swear. This is a very subtle argument, but I cannot say, that I feel the force of it. A man’s intention, *504 may be manifested, by his words or his actions, and when known, may be sworn to with as much certainty, as any other fact. When a witness undertakes to swear to a thing of that kind, the jury, who hear the oath, will value it at what it is worth. The plaintiff might have asked Paul Zantzinger, how he ktxevr'M’-CormicPs intention, and unless he could have accounted for his knowledge, his credit would have been destroyed. But it was a question of credibility only, and therefore, instead of asking the Court, to strike out the evidence, the plaintiff’s counsel, should have addressed themselves to the jury, and endeavoured to satisfy them, that this part of the testimony, was unworthy of credit. I am of opinion, that there was no error in the decision of the Court of Common Pleas, and therefore, the judgment should be affirmed.
Duncan J.
took no part in the decision, having been concerned for the plaintiff in error,
Judgment affirmed.